PETER MAHONEY, Respondent, *v.* GEORGE BRECKENRIDGE, Appellant, Impleaded with Others.

*Legacies charged on real property " to the extent of one-half the value thereof remaining at the price, estimated, of fifty dollars per acre, after deducting from the total value thereof at that price" a widow's support — amount of the charge, how ascertained.*

Ferdinand Nugent died in 1876 leaving a will, by which he devised a farm to his son Thomas, subject to the support of his widow and to the following legacies: To his son Terrence $500, to his daughter Susan $300 and to his son Owen $200. The will provided that the legacies should be a charge on the farm, which contained fifty-nine acres, " only to the extent of one-half the value thereof remaining, at the price, estimated, of fifty dollars per acre, after deducting from the total value thereof at that price the value and amount contributed to the support and maintenance of * * * my (his) wife."

The testator's widow died in 1884 before any of the money legacies had been paid.

*Held*, that the extent to which the money legacies were a charge on the farm should be calculated in the following manner, viz., the value of the farm should be calculated at the rate of fifty dollars an acre as directed by the will, although the actual value of the farm was only about thirty dollars an acre; that from the value of the farm, as thus ascertained, the value of the support furnished to the testator's widow should be deducted; that one-half of the sum remaining would constitute the extent to which the three money legacies were a charge on the farm, and that, measured by this sum, each legacy was a charge on the farm in the proportion that the amount thereof bore to the total amount of all the legacies.

APPEAL by the defendant, George Breckenridge, from a judgment of the Supreme Court in favor of the plaintiff, entered in the

office of the clerk of the county of St. Lawrence on the 12th day of August, 1901, upon the decision of the court rendered after a trial at the St. Lawrence Special Term.

*W. G. Kellogg*, for the appellant.

*Fred J. Gray*, for the respondent.

CHESTER, J. :

The action is brought to foreclose the lien of a legacy charged upon lands now owned by the defendant Breckenridge, and involves the construction of the will of Ferdinand Nugent, who died in 1876. By his will, made and proven in that year, he devised his farm to his son, the defendant Thomas Nugent, subject to the support of his wife Rose and subject to the payment of legacies to his son Terrence $500, to his daughter Susan $300 and to his son Owen $200, each payable in ten equal annual installments after the death of his wife, without interest, and which legacies by his will he made a charge on said farm "only to the extent of one-half the value thereof remaining, at the price, estimated, of fifty dollars per acre, after deducting from the total value thereof at that price, the value and amount contributed to the support and maintenance of * * * my (his) wife." At the death of the testator Thomas entered into possession of the farm and supported his mother, the testator's widow, there until her death in 1884. Shortly after her death Thomas settled with Susan and Owen for their legacies. Terrence left home in 1865 and was not heard from for many years prior to his return in 1899. Before his return he had heard of his father's death and of the legacy to him. This not having been paid he assigned it to the plaintiff.

The farm consisted of 59 acres, and was deeded to the defendant Breckenridge by Thomas Nugent and his wife in 1894 for a consideration expressed in the deed of $1,770, which is at the rate of $30 per acre.

The court on the trial decided the value of the support of the widow during her life after her husband's death to be $1,250, and that the plaintiff was entitled to the sum of $425, to be paid out of the proceeds of the sale of the farm if that amount was not paid, with interest and costs, within thirty days.

It was shown that since the making of the will the farm had depreciated in value. The contention of the appellant is that the court erroneously fixed the amount which should be taken out of the farm for the legacy to Terrence at $425; that that should be based upon the present value of the farm and not upon the value stated in the will, or that the farm should be sold, the widow's support of $1,250 to be deducted from the proceeds and one-quarter of the residue given in payment of the legacy.

I think this contention cannot be sustained without overlooking entirely the provisions contained in the will. Those appear very clearly to support the conclusion reached by the court below as to the amount of the charge upon the farm to secure the legacy to Terrence. This legacy was for $500. The legacies to Susan and Owen, taken together, amounted also to $500. The value of the widow's support was determined upon sufficient evidence to be $1,250. The will charged the legacies on the farm only to the extent of one-half the value thereof remaining at the price estimated of $50 per acre, after deducting from the total value thereof *at that* price the value of the widow's support. The total value of the farm at that price was $2,950. One-half the value remaining after deducting the widow's support from such total value is $850. Upon this value legacies amounting to $1,000 are charged. Five hundred dollars, or one-half in amount of these legacies, belongs to the plaintiff as assignee of Terrence and, therefore, one-half of such value of $850, or $425, as fixed by the trial court, must be applied for the plaintiff's benefit. The judgment, however, as entered by the clerk, contains a provision for a personal recovery against the defendant Breckenridge for the amount so fixed. This was not authorized by the decision of the court, and the respondent's counsel consented upon the argument that it should be stricken out.

The judgment should be modified by striking out the provision for a personal judgment and as modified affirmed, with costs.

Judgment modified by striking out provision for a personal judgment against the appellant, and as so modified unanimously affirmed with costs.